WESLEY, *Circuit Judge*, dissenting:

When there is an unsettled and important question of New York law that is determinative of an appeal, certification to the New York Court of Appeals is warranted. *See, e.g.*, *Pasternack v. Lab'y Corp. of Am. Holdings*, 807 F.3d 14, 19 (2d Cir.), *as amended* (Nov. 23, 2015). Because it is far from "plain" that New York Civil Practice Law and Rule § 7515 ("§ 7515" or "Section 7515") requires plaintiffs to plead "that [their] claim is consistent with federal law," Maj. Op. at 14–15, this issue should be certified for consideration by the New York Court of Appeals.

Section 7515 provides "[e]xcept where inconsistent with federal law, no written contract . . . shall contain a prohibited clause" and "the provisions of such prohibited clause . . . shall be null and void." N.Y. C.P.L.R. § 7515(a)(4)(b)(i), (iii). A "prohibited clause" is "any clause or provision in any contract which requires . . . that the parties submit to mandatory arbitration to resolve any allegation or claim of discrimination," including sexual harassment claims. *Id.* § 7515(a)(2). A federal court may exercise federal question jurisdiction "even where a claim finds its origins in state rather than federal law" if "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal

1

court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

A state-law claim necessarily raises a federal issue where the federal issue is an element of the plaintiff's claim; in other words, "where the claim is affirmatively 'premised' on a violation of federal law." *New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 315 (2d Cir. 2016) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). The *Grable/Gunn* test for federal question removal jurisdiction "typically fits cases . . . in which a state-law cause of action is 'brought to enforce' a duty created by [federal law] because the claim's very success depends on giving effect to a federal requirement." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562, 1570 (2016). Accordingly, for § 7515 to satisfy the "necessarily raises a federal issue" factor, it must require plaintiffs *to plead as an element of their § 7515 claim* that their claim is not inconsistent with federal law.

Section 7515 does not condition the prohibition of mandatory arbitration clauses for discrimination claims on the satisfaction of federal law requirements. Instead, the "[e]xcept where inconsistent with federal law" clause in § 7515 states

2

the obvious: *all* state statutes must be consistent with federal law under the Supremacy Clause of the Constitution; the Supremacy Clause principle exists independently of any statute. *See* U.S. Const. art. VI, cl. 2. The majority contends § 7515 "does not simply state the obvious" because "§ 7515 reflects the legislature's deliberate choice to require the plaintiff, at the very outset of bringing a claim under the statute, to plead consistency with federal law." Maj. Op. at 11. This is circular reasoning; the majority uses its conclusion that a federal law issue is an essential element of a plaintiff's § 7515 claim to surmise that § 7515 does not simply state the obvious.[1]

The majority's "exception versus proviso" discussion also comes up short because it misses the premise that "[a]n exception takes out of the statute

---

[1] Section 7515 likewise does not "transform[]" federal preemption questions from "'doubtful and conjectural' issues into a concrete dispute ripe for judicial review." Maj. Op. at 11 (quoting *Gully v. First Nat. Bank*, 299 U.S. 109, 117 (1936)). The issue of whether the Federal Arbitration Act ("FAA") preempts § 7515 becomes concrete, for example, as soon as the defendant raises the defense in its answer or upon a motion to compel arbitration, both of which are insufficient for federal question removal jurisdiction. *See Ten Taxpayer Citizens Grp. v. Cape Wind Assocs., LLC*, 373 F.3d 183, 191 (1st Cir. 2004) ("It is hornbook law that a federal defense does not confer [federal question] jurisdiction, regardless whether that defense is anticipated in the plaintiff's complaint. That is generally true even where the asserted defense is the preemptive effect of a federal statute.") (citation omitted).

3

something that otherwise would be part of the subject matter." N.Y. Stat. Law § 211 (McKinney's Notes). The "[e]xcept where inconsistent with federal law" clause does not create an exception that the plaintiff bears the burden of pleading because it does not "take[] out of the statute something that otherwise would be part" of the claim; § 7515 would not withstand inconsistency with federal law regardless of whether that is articulated in the text of the statute. *See id.*

"A basic consideration in the interpretation of a statute is the general spirit and purpose underlying its enactment, and that construction is to be preferred which furthers the object, spirit and purpose of the statute." N.Y. Stat. Law § 96. Section 7515 was intended "to get at serial sexual predators who have taken advantage of the system" and "deal[] with the scourge of sexual harassment."[2] N.Y. State Senate, Stenographic Rec., 241st Leg., Reg. Sess., at 1853, 1855 (Mar. 30,

---

[2] The majority quotes excerpts from the New York State Senate floor hearing where Senator Catharine Young, the sponsor of the bill, discussed the possibility of federal preemption. *See* Maj. Op. at 14. Senator Young understood § 7515 as potentially providing "extra protections" for forms of discrimination other than sexual harassment "[i]f there's a federal preemption" and explained that "we would have to check the federal rules" to determine if § 7515 would extend to a "gender harassment" case. *See* N.Y. State Senate, Stenographic Rec., 241st Leg., Reg. Sess., at 1851–53 (Mar. 30, 2018). Nothing in that discussion indicates that the legislature's intent was to require plaintiffs to plead that their § 7515 claim is not inconsistent with federal law.

4

2018). Requiring plaintiffs to plead a broad matter of law in the negative—that their claim is *not inconsistent with federal law*—strikes me as overly burdensome and contrary to the statute's general spirit and purpose; what would such a pleading look like? Although "meaning and effect should be given to all . . . language, if possible," N.Y. Stat. Law § 231, "when the intent is obvious a single word or expression may be disregarded as of no force," *id.* (McKinney's Notes). Construing the "[e]xcept where inconsistent with federal law" language as being included as "a matter of form from an abundance of caution," *id.*, better accords with the statute's aim than does transforming the obvious into an onerous pleading burden on the very individuals it is designed to protect.[3]

    This case bears all the hallmarks that warrant certification to the New York Court of Appeals. There is no New York state court decision addressing this issue, it implicates important state policy concerns, and the plain text of the statute does not support the majority's construction. *See Pasternack*, 807 F.3d at 22. Indeed, I

---

[3] The majority concedes "the pleading burden . . . could possibly support Tantaros's reading of § 7515" but is unpersuaded that the burden is "too onerous" because "[i]t is quite evident that the § 7515 limitation is directed at one particular statute, the FAA." Maj. Op. at 13. The majority's assumption contravenes the plain text of the statute, which states "[e]xcept where inconsistent with *federal law*," not just the FAA. N.Y. C.P.L.R. § 7515(a)(4)(b)(i), (iii) (emphasis added).

5

am hard-pressed to believe the New York State Legislature intended to make virtually every § 7515 claim, a purely state-law right, removable to federal court. *See* N.Y. State Senate, Stenographic Rec., 241st Leg., Reg. Sess., at 1856 (Mar. 30, 2018) (Senator Young explaining that "one of the reasons that we [codify certain parts of federal law]" is to "open[] the door so that someone can go to a state court instead of having to go to a federal court").[4]

Because the New York Court of Appeals is the umpire better suited to make this call, I would reserve decision and certify the question of whether § 7515 requires plaintiffs to plead that their claim is not inconsistent with federal law to the New York Court of Appeals.

---

[4] The majority quotes a recent case observing that "there are drawbacks to certification" such as increased expenses for the parties and delays. Maj. Op. at 9 n.24; 18 n.63 (quoting *53rd St., LLC v. U.S. Bank Nat'l Ass'n*, No. 20-1804-CV, 2021 WL 3412063, at *5 (2d Cir. Aug. 5, 2021)). But unlike *53rd St.*, a diversity jurisdiction case where the panel's decision relied on the application of an opinion by the New York Court of Appeals, *see* 2021 WL 3412063, at *4, here there is no equivalent. Contrary to Judge Leval's point that "New York's highest court . . . does not lack opportunities to establish New York law in these matters," *id.* at *5, the majority's decision in effect deprives New York courts of the chance to apply its own statute by making virtually every § 7515 claim removable without seeking input from the judicial authority best equipped to interpret New York law. The "special concerns," *id.*, involved in this case bear no resemblance to the circumstances in *53rd St.*

6